IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOYCE FLORES,<br><br>      **Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH OF VIRGINIA DEPARTMENT OF CORRECTIONS,**<br><br>      **Defendant.** | C.A. No. 5:20-cv-00087 |

## ANSWER AND GROUNDS OF DEFENSE OF COMMONWEALTH OF VIRGINIA DEPARTMENT OF CORRECTIONS TO THE COMPLAINT

The defendant, the Commonwealth of Virginia Department of Corrections ("VDOC", "Department" or "Defendant"), by counsel, submits its Answer and Grounds of Defense to the Complaint filed by the plaintiff, Joyce Flores ("Flores" or "Plaintiff").

The Complaint contains various headings and subtitles. To the extent these headings and subtitles are deemed to allege any facts, they are denied.

1. Defendant states that the allegations of Paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, VDOC states that at all times it acted lawfully and appropriately and denies engaging in any unlawful employment practices. Any remaining allegations in Paragraph 1 are denied.

2. Defendant states that the allegations of Paragraph 2 are conclusions of law to which no response is required. To the extent a response is required, VDOC states that at all times that it acted lawfully and appropriately and denies engaging in any unlawful employment

practices. Any remaining allegations in Paragraph 2 are denied (including, without limitation, that the Department was the Plaintiff's employer).

3. In response to the allegations in Paragraph 3, VDOC admits that this Court has original jurisdiction herein based on the referenced statutes.

4. In response to the allegations in Paragraph 4, VDOC admits that venue is proper herein.

5. Defendant states that the allegations of Paragraph 5 are conclusions of law to which no response is required. To the extent that a response is required, VDOC lacks sufficient knowledge to admit or deny the allegations in Paragraph 5, and this statement has the effect of a denial.

6. Regarding the allegations of Paragraph 6, Defendant admits, upon information and belief, that the Plaintiff is a citizen of the United States and a resident of Henrico County, Virginia. The remaining allegations of Paragraph 6 are conclusions of law to which no response is required. To the extent that a response is required, these allegations are denied.

7. Consistent with the provisions of Va. Code §§ 53.1-8 et seq., the allegations of Paragraph 7 are admitted.

8. In response to the allegations of Paragraph 8, Defendant avers that the memorandum speaks for itself and denies any and all allegations inconsistent therewith. Further noted in the memorandum is that feminine hygiene products are "an ideal way to conceal contraband." VDOC also states that at no time were individuals working at its facilities prohibited from wearing tampons, menstrual cups or other feminine hygiene products to work.

9. In response to the allegations of Paragraph 9, Defendant denies that the policy ever went into effect. VDOC also avers that the referenced newspaper article speaks for itself

and denies any and all allegations inconsistent therewith. The article states that "there have been many instances in which visitors [to VDOC facilities] have attempted to smuggle drugs into our prisons by concealing those drugs in a body cavity, including the vagina." Defendant also states that at no time were individuals working at its facilities prohibited from wearing tampons, menstrual cups or other feminine hygiene products to work. The article itself notes that "the department's female staff members are exempt."

10. VDOC denies that the policy ever went into effect. The Department further states that at all times it acted lawfully and appropriately and denies engaging in any discriminatory practices. At no time were individuals working at VDOC facilities prohibited from wearing tampons, menstrual cups or other feminine hygiene products to work.

11. With respect to the allegations in Paragraph 11, VDOC states that the referenced newspaper article speaks for itself and denies any and all allegations inconsistent therewith. The article states that the policy had not taken effect and was being suspended. VDOC also states that at no time were individuals working at its facilities prohibited from wearing tampons, menstrual cups or other feminine hygiene products to work.

12. With respect to the allegations in Paragraph 12, VDOC states that the referenced newspaper article speaks for itself and denies any and all allegations inconsistent therewith.

13. With respect to the allegations of Paragraph 13, VDOC states that at no time were individuals working at its facilities prohibited (or were attempts made to prohibit them) from wearing tampons, menstrual cups or other feminine hygiene products to work. The Department further states that the same body scanners are used to screen individuals both working at and visiting its facilities. As for the remaining allegations of Paragraph 13, training has been

provided by the Department to address the issue of distinguishing scanned images of potential drugs and other contraband from tampons and similar items.

14. Paragraph 14 is admitted.

15. With respect to the allegations of Paragraph 15, the Department admits that Plaintiff was placed at ACC through a staffing company, NCVA Medical Staffing, Inc. Plaintiff was a *locum tenens* contract provider hired to provide registered dental hygiene services to the Augusta Correctional Center ("ACC"). These contracts are not permanent and the provider works under specific purchase orders based upon the actual hours served the Department. The Department admits that Flores performed services at ACC using dental tools and dental equipment owned by the Department, that her schedule was approved by the ACC, that she assisted the dentist at the facility (Dr. Werner Wiedemann) in performing dental hygiene services and that she was subject to certain VDOC policies. Defendant further states that her services at the ACC were terminated by the Warden, John Woodson, on or about July 31, 2019. VDOC lacks sufficient knowledge to admit or deny whether Plaintiff "solely worked for VDOC during the relevant time-period." The remaining allegations of Paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, they are denied.

16. With respect to the allegations of Paragraph 16, Defendant lacks sufficient knowledge to admit or deny the allegations regarding Plaintiff's work experience, and this statement has the effect of a denial. The remaining allegations of Paragraph 16 are denied.

17. In response to the allegations of Paragraph 17, Defendant admits that tampons expand when saturated. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 17, and this statement has the effect of a denial.

4

18. With respect to the allegations in Paragraph 18, the Department states that, on July 17, 2019, Flores went through the front entry area at the ACC and completed a body scan upon her arrival to work. The remaining allegations of Paragraph 18 are denied.

19. With respect to the allegations of Paragraph 19, VDOC states that the scan taken of the Plaintiff upon her arrival to work at the facility on July 17, 2019 contained an anomaly in the vaginal area. The shape of the anomaly was that of an unknown object with a tie around the end - similar to the manner in which illegal drugs are packaged and shipped for distribution. The female correctional officer who conducted the scan reported it to Sergeant Benjamin Lokey in the ACC's Intelligence Unit. Sergeant Lokey then reviewed the scan himself (along with a female member of the Intelligence Unit) and agreed that there was an anomaly present. After discussing the matter with Warden Woodson, it was determined that Flores would be re-scanned at a higher setting. As Flores already had gone into the facility, she was contacted at approximately 10:00 a.m. and asked to come back to the front entry area to be re-scanned. The remaining allegations of Paragraph 19 are denied.

20. In response to the allegations of Paragraph 20, since Flores already had gone into the facility, she was then contacted at approximately 10:00 a.m. and asked to come back to the front entry area to be re-scanned. The remaining allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are admitted. The Department further states that the anomaly contained in Flores's initial body scan did not appear in her re-scan.

22. With respect to the allegations of Paragraph 22, after the anomaly previously detected in the Plaintiff's initial scan did not appear in her second scan, Sergeant Lokey had Flores step into a visitation room (to respect her privacy) for questioning. Ms. Flores denied having any contraband when she entered the facility earlier than morning. Senior Special Agent

Lisa Quesenberry was present in the room as well. The remaining allegations of Paragraph 22 are denied.

23. Paragraph 23 is admitted.

24. With respect to the allegations in Paragraph 24, the Department admits that Flores was accompanied into the restroom by Senior Special Agent Quesenberry and another female correctional officer. While there, it was confirmed that Plaintiff did not have a tampon in, despite claiming earlier that she was menstruating and experiencing heavy flow. Flores then wiped her vaginal area with tissue paper and Senior Special Agent Quesenberry witnessed only a small amount of blood on the tissue paper. The remaining allegations of Paragraph 24 are denied.

25. In response to the allegations of Paragraph 25, what Plaintiff "noticed" refers to the state of the mind of the Plaintiff, of which Defendant has no knowledge. The Department denies that VDOC security staff took pictures of Plaintiff's scan(s) on their personal cell phones. VDOC lacks sufficient information to admit or deny the remaining allegations of Paragraph 25 and this has the effect of a denial.

26. In response to the allegations of Paragraph 26, Defendant states that Flores and Senior Special Agent Quesenberry then returned to the visitation room. Flores told Sergeant Lokey that she did not have a tampon inserted when she went through the second scan but had tampons in her office. Flores was asked by Sergeant Lokey if she had brought contraband on her person into the facility earlier that morning and again denied doing so.

27. In response to the allegations in Paragraph 27, Warden Woodson also met with the Plaintiff on July 17, 2019. Warden Woodson showed Flores the scans and attempted to explain to her that the image in her first body scan looked like contraband due to the distinct

shape of the anomaly (and not that of a feminine hygiene product). For example, he pointed out to her the apparent tie around the end of the object in her initial scan. Warden Woodson also later showed the image of the initial scan to Yulonda R. Wyche, currently the Security Program Coordinator for the Department, and she agreed that an anomaly was present. While Flores herself claimed that the anomaly was a tampon and asked that the manufacturer of the scanner be contacted, Ms. Wyche had conducted training at the ACC on the use of the scanner, and the reading and interpreting of such scans, on or about July 10-11, 2019 – which was only a week before the above-mentioned scans were taken of Flores. The remaining allegations of Paragraph 27 are denied.

28. With respect to the allegations of Paragraph 28, the Department states that, at the end of his meeting with Flores on July 17, 2019, he told her that she was not to re-enter the facility until he finished reviewing the matter. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 28, which has the effect of a denial.

29. With respect to the allegations of Paragraph 29, what "seemed" to the Plaintiff, and/or what Flores "learned", refer to the state of the mind of the Plaintiff, of which Defendant has no knowledge.

30. In response to the allegations of Paragraph 30, a Narcotics Canine Officer was contacted by Sergeant Lokey and instructed to take his dog into the facility's parking lot. The officer was not referred to any specific vehicle nor was he provided the Plaintiff's name. Once in the parking lot, the dog alerted to the driver side door of Flores's vehicle - indicating the odor of narcotics was present. After being given permission, Plaintiff's vehicle was searched and no drugs were found.

31. Paragraph 31 is denied.

32. With respect to the allegations of Paragraph 32, Warden Woodson spoke with Flores again on at least two (2) occasions after July 17, 2019. The conversations were similar to that which had occurred on that earlier date. The remaining allegations of Paragraph 32 are denied.

33. With respect to the allegations of Paragraph 33, the Department states that, on or about July 31, 2019, Warden Woodson informed Flores that because there was an anomaly detected in her initial scan, he had contacted the General Manager at NCVA Medical Staffing Inc. and, after such consultation, it was determined that she no longer would be allowed to return to ACC as a contract worker in the Dental Unit and her services to the ACC were terminated. The remaining allegations in Paragraph 33 are denied.

34. Paragraph 34 is denied.

35. With respect to the allegations of Paragraph 35, VDOC is unaware of any scan revealing an anomaly in a body cavity of a male employee attempting to enter the ACC using a feminine hygiene product, while in perimenopause or while menstruating. The Department further states that male employees have been terminated for body scans that revealed an anomaly in a body cavity. The remaining allegations of Paragraph 35 are denied

36. The Defendant incorporates by reference and re-alleges its previous answers as if fully set forth herein.

37. With respect to the allegations of Paragraph 37, VDOC admits that Plaintiff is a female. The remaining allegations of Paragraph 37 are denied.

38. Paragraph 38 is denied.

39. The allegations of Paragraph 39 are conclusions of law to which not response is required. To the extent a response is required, they are denied.

40. With respect to the allegations of Paragraph 40, Plaintiff's disparate impact claim has been dismissed. As a result, no response is required.

41. With respect to the allegations of Paragraph 41, VDOC is unaware of any scan revealing an anomaly in a body cavity of a male employee attempting to enter the ACC using a feminine hygiene product, while in perimenopause or while menstruating. The Department further states that male employees have been terminated for body scans that revealed an anomaly in a body cavity. The remaining allegations of Paragraph 41 are denied.

42. The allegations in Paragraph 42 constitute legal conclusions, to which no response is required. To the extent a response is required, VDOC denies that any discrimination occurred and that Plaintiff has suffered any injury or damages as a result of Defendant's lawful and appropriate conduct.

Defendant denies each and every allegation in the Complaint not specifically admitted herein and states that the Plaintiff is not entitled to the relief requested or to any other relief.

## DEFENSES

The Department states that this action is not cognizable under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Pregnancy Discrimination Act, or any other federal law or state statute. In support, Defendant states:

1. Defendant's actions regarding the Plaintiff were appropriate and taken pursuant to the legitimate custodial and security interests of the Department and lacked any unlawful or discriminatory animus.

2. Defendant denies that the Plaintiff has suffered any cognizable injury or damages as a result of any actions or omissions on the part of the Defendant.

3. Plaintiff has failed to properly exhaust her administrative remedies.

4. Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages.

5. Defendant denies that it was the Plaintiff's employer, joint or otherwise.

6. Plaintiff is not entitled to any of the relief demanded, whether back pay, compensatory damages, punitive damages, liquidated damages, interest, attorney's fees, or any other relief as she may claim.

7. Defendant reserves the right to assert all applicable defenses, to the extent such defenses may be supported by further investigation, discovery, or evidence presented at the trial of this matter.

WHEREFORE, having fully responded to Complaint filed against it, VDOC respectfully requests that this action be dismissed and it awarded costs and other such relief as the Court may deem just and appropriate.

Respectfully Submitted,

/s/ *Ronald N. Regnery*

Ronald N. Regnery (VSB No. 37453)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-1109
Facsimile: (804) 371-2087
Email: rregnery@oag.state.va.us

Sarah Flynn Robb (VSB No. 76734)
Assistant Attorney General
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-7256
Facsimile: (804) 371-2087
Email: srobb@oag.state.va.us

*Counsel for Defendant,*
*Virginia Department of Corrections*

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Marshall H. Ross
Senior Assistant Attorney General/Trial Section Chief

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March 2021, the foregoing Answer and Grounds of Defense to the Commonwealth of Virginia Department of Corrections to the Complaint was delivered through the CM/ECF system to be forwarded electronically to:

Harris D. Butler, III (VSB No. 26483)
Paul M. Falabella (VSB No. 81199)
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
harris.butler@butlerroyals.com
paul.falbella@butlerroyals.com

*Counsel for Plaintiff, Joyce Flores*

/s/ *Ronald R. Regnery*
Ronald N. Regnery (VSB No. 37453)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-1109
Facsimile: (804) 371-2087
Email: rregnery@oag.state.va.us

*Counsel for Defendant,*
*Virginia Department of Corrections*