IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOYCE FLORES | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-00087 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| VIRGINIA DEPARTMENT OF CORRECTIONS, | ) | United States District Judge |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are a collection of motions in limine (Dkt. Nos. 125–128) filed by plaintiff Joyce Flores and defendant Virginia Department of Corrections (VDOC). The court heard argument on these motions on May 16, 2022. Trial is scheduled to begin on September 13, 2022. Should the evidence at trial dictate that the matters below are properly admissible or inadmissible, the parties may ask for reconsideration of the rulings.

I.  BACKGROUND

In March 2019, Flores began work as a dental hygienist at VDOC's Augusta Correctional Center (ACC). On July 17, 2019, Flores went through a standard security scan to enter ACC. The scan produced an "abnormal image" displaying an object visible in Flores' lower body cavity. VDOC employees believed Flores might be smuggling contraband into the facility, but Flores contends that the object was a tampon. Later, VDOC subjected Flores to a second scan, which did not show the same object. Flores explains that she had replaced her tampon with tissue paper after using the restroom. Flores then inserted a tampon and was scanned a third time. Approximately two weeks later, the warden of ACC terminated Flores' employment.

1

Flores filed this suit against VDOC alleging unlawful termination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

## II.  ANALYSIS

### A.  Plaintiff's First Motion in Limine

Flores moves to "exclude evidence on defendant's after-acquired evidence affirmative defense," which VDOC asserted in an amended answer after discovering that Flores "inaccurately stated her participation in a PhD program in her employment application materials" and during her first deposition in this case.  Flores also argues that this misrepresentation "is not probative of [her] character or credibility," and (1) it should not be fodder for cross-examination or (2) alternatively, defendant should not be permitted to introduce extrinsic evidence to prove this instance of conduct.

This court found that Flores made "material misrepresentations about her educational background in connection with her employment application and, later, at her deposition."  (Dkt. No. 95.)  Flores created a resume that incorrectly listed that she was a PhD candidate at Regent University.  Flores has never applied to Regent University.  Flores compounded this misrepresentation at her initial deposition.  The court reopened Flores' deposition; Flores subsequently admitted that her prior resume and deposition testimony were false.

As an initial matter, it appears that VDOC's after-acquired evidence affirmative defense is now moot.  The after-acquired evidence defense will generally render reinstatement and front pay inappropriate and can cut off back-pay damages at the day of discovery of the evidence.  *See McKennon v. Nashville Banner Publishing Company,* 513 U.S. 352, 362 (1995).  Flores explains that she does not seek reinstatement or front pay, and the period she seeks back pay ends

approximately eight months prior to the discovery date of this evidence. Therefore, the defense is likely moot.

Next, VDOC may inquire about Flores' misrepresentation on her resume and at her deposition on cross examination pursuant to Federal Rule of Civil Procedure 608(b). Character evidence is generally prohibited; however, Rule 608 provides an exception for witnesses. Specifically, under Rule 608(b), specific instances of conduct implicating the witness's character for truthfulness may be inquired into on cross-examination. Flores's material misrepresentation on her resume and in her deposition clearly fall within the purview of Rule 608(b). These falsehoods are probative of Flores's character for truthfulness, and defense counsel is permitted to cross-examine Flores on them.

The final question is whether VDOC may introduce extrinsic evidence to support its cross-examination of Flores on these issues. Rule 608(b) states that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness." In a committee note to Rule 608(b), it has been noted that the intent of the rule "was to impose an absolute bar" to extrinsic evidence in these scenarios. *See* Fed. R. Evid. 608 Advisory Committee's Note to 2003 Amendment. Yet, VDOC cites *United States v. Zandi*, 769 F.2d 229 (4th Cir. 1985), which seems to suggest that the bar on extrinsic evidence does not apply if the witness admits to the falsehood at issue. *But see United States v. Whitehead*, 618 F.2d 523, 529 (4th Cir. 1980) ("[I]f such a witness either admits or denies the [conduct], we do not think that the documents relating to it are admissible."); *United States v. Neal*, 127 F.3d 1100 (4th Cir. 1997) (Table) ("Under Rule 608(b)…[w]hether [the witness] admitted or denied [the conduct], [the government] could not have introduced [extrinsic evidence] into evidence.") As one court put it, "[the *Zandi*] approach does not seem consistent

3

with the language of Rule 608(b) . . . ." *United States v. Craig*, 953 F.3d 898, 904 n.2 (6th Cir. 2020).

With trepidation, the court agrees with VDOC that *Zandi*'s holding allows extrinsic evidence under Rule 608(b) when the witness admits to the conduct. However, the court notes there may be other bars to the introduction of this extrinsic evidence. Most notably, "[i]f the witness has admitted to the specific instances of conduct, documentary evidence is cumulative if it merely verifies what the witness has already conceded." Wright & Miller, 28 Federal Practice & Procedure: Evidence § 6117 (2d ed. 2022). And, of course, Rule 403 can also be grounds for exclusion.

**B. Defendant's First and Second Motions in Limine**

In September 2018, months before Flores's hiring and termination, VDOC's Corrections Operations Chief issued a proposed policy memo advising that "offender visitors shall be notified that the use of tampons or menstrual cup products are no longer permitted to be worn during visitation." The memo was in response to "recent inquiries about feminine hygiene products," which stemmed from "recent discoveries related to objects in body cavities that appeared to be or did not…could not determine whether they were feminine hygiene products or contraband." In response to public backlash over the policy, VDOC made statements that "body scanners cannot differentiate between tampons/menstrual cups or other contraband in a body cavity." In its first motion in limine, VDOC moves to exclude "any reference of the proposed policy and the related documents plaintiff identified [in her pretrial exhibit disclosures]," arguing the policy is irrelevant, or, alternatively, the danger of unfair prejudice, misleading the jury, and confusing the issues substantially outweighs any probative value pursuant to Rule 403. In its

4

second motion in limine, VDOC moves to exclude to exclude two letters and three newspaper articles related to the September 2018 policy banning visitors from wearing tampons.

Regarding the first motion, there is a distinction between the policy banning visitors from wearing tampons and the statements made by VDOC regarding the ability of body scanners to distinguish tampons from contraband. The latter is clearly relevant to the case and admissible. Whether the body scanners could distinguish contraband from tampons, and, more specifically, VDOC officials' knowledge of any issue with the scanner technology are the crux of the case. But the policy itself is not relevant to the case. VDOC points to the fact that the policy was drafted prior to Flores' employment and that it applied to visitors not staff. Further, there is a factual dispute between the parties about whether the policy went into effect. Regardless of relevancy, the policy risks confusing the issues and distracting the jury. The court finds that the statements by VDOC officials regarding the scanner technology are admissible, but the policy banning visitors from wearing tampons is not.

The two letters and three newspaper articles that are the subject of VDOC's second motion in limine are even more far afield. The court need not address concerns that these documents are hearsay because they are not relevant. Given that the court finds that the policy itself is irrelevant, letters and newspaper articles discussing the policy and expressing public backlash about the policy are clearly also irrelevant. The court will grant VDOC's first and second motions in limine as to the policy and the letters and newspapers related to the policy.

## C. Defendant's Third Motion in Limine

In October 2019, counsel for Flores sent a FOIA request to the warden at ACC seeking "all body scan images of [Flores] from July 2019." On October 31, 2019, VDOC, through a FOIA official, responded that it had eleven body scan images of Flores from July 2019.

However, none of the body scans were produced in discovery—VDOC indicates that they no longer exist.  The only evidence of scans are photographs taken by a VDOC employee of the body scan images.  The photographs lack identifying information.  In its third motion in limine, VDOC moves to exclude the FOIA request and response because it believes neither are relevant or admissible.

At the hearing, VDOC made clear that it was only contesting the admission of the FOIA request and response, not inquiry regarding the scans during examination.  Flores argues that it is crucial for the jury to understand why, in a case about Flores' body scans on July 17, 2019, they are not being shown any actual body scan images.   Flores argues that the FOIA request and response provide a time marker to show that the scans did exist at some point. Flores argues that whether the FOIA request and response are used as a time mark or support a spoliation instruction, they are relevant and admissible.

The court agrees with Flores that the FOIA request and response are relevant and admissible.  Further, the FOIA response is admissible as a statement by a party opponent.  *See* Fed. R. Evid. 801(d)(2) (excepting from the hearsay rule any statement, offered against a party, if "made by a person whom the party authorized to make a statement on the subject," or if "made by the party's agent or employee on a matter within the scope of that relationship").

### III.  CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Flores' motion in limine (Dkt. No. 125) is DENIED;

2. VDOC's first motion in limine (Dkt. No. 126) is GRANTED as to references to the policy; VDOC's second motion in limine (Dkt. No. 127) is GRANTED; and VDOC's third motion in limine (Dkt. No. 128) is DENIED.

The clerk is directed to send a copy of this order to all counsel of record.

Entered: August 11, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge