**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | | |
|---|---|---|
| **JOYCE FLORES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:20-cv-00087** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED**
**JURY INSTRUCTIONS AND SPECIAL-VERDICT INTERROGATORIES**

COMES NOW Plaintiff Joyce Flores, by counsel, and pursuant to the Trial Order [Doc. 59] files the foregoing objections to Defendant's proposed jury instructions and special verdict interrogatories:

Plaintiff reserves the right to supplement and amend the foregoing objections to Defendant's proposed jury instructions based on guidance from the Court at trial or at the jury charge conference, based on the evidence presented at trial, and/or based on any meet and confer between the parties following the exchange of proposed instructions and objections.

INSTRUCTION NO. <u>D-1</u>

**ISSUES**

Joyce Flores ("Ms. Flores") claims that the Virginia Department of Corrections ("VDOC") discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act when it ended her assignment as a dental hygienist at Augusta Correctional Center. VDOC asserts that Ms. Flores was terminated for legitimate security reasons, having nothing to do with her sex.

Title VII of the Civil Rights Act makes it illegal for an employer to discriminate against an employee on the basis of race, color, religion, sex, or national origin.

The issue for you to decide in this case is: did VDOC discriminate against Joyce Flores because of her sex?

On this issue, the plaintiff has the burden of proof.

Your verdict must be based on the facts as you find them and on the law contained in these instructions.

*Authority:*

*Brown v. Mountainview Cutters, LLC, No. 7:15cv204 (W.D. Va. Sept. 9, 2016) (Conrad, J.) (modified)*

*42 U.S.C. § 2000e-2*

*42 U.S.C. § 2000e-3*

**OBJECTION: Delete reference to "race, color, religion, national origin" as not applicable to this case, lead to jury confusion/prejudice. Insert "menstruation and use of a tampon – conditions inextricable from her sex" to make case-specific. *See Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 15], 2021 U.S. LEXIS 31857 (W.D. Va. Feb 22, 2021); *Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 94], 2021 U.S. Dist. LEXIS 254631 (W.D. Va. Aug. 26, 2021).**

INSTRUCTION NO. <u>D-2</u>

**PERSONS OF EQUAL STANDING**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The defendant in this case, Virginia Department of Corrections, is an agency of the Commonwealth of Virginia.

VDOC is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

*Authority:*

*<u>Lusk v. Va. Panel Corp.</u>, No. 5:13cv79 (W.D. Va. Apr. 9, 2014) (Urbanski, J.) (modified)*

*<u>Withers v. Green</u>, No. 6:20cv65, ECF No. 48 (W.D. Va. Apr. 12, 2022) (Ballou, J.) (modified)*

**OBJECTION:  Not at issue in the case, lead to jury confusion/prejudice. Last paragraph and last sentence are cumulative/repetitive and isolate VDOC over Plaintiff, lead to jury confusion/prejudice.**

INSTRUCTION NO. <u>D-3</u>

**EVIDENCE; LIMITATIONS**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things admitted as exhibits, or such matters as the court may instruct you to find.

The following statements and utterances made during this trial are not evidence and should not be considered by you:

- Statements, arguments, and questions by a lawyer or by a party when the party is not testifying under oath;

- Objections to questions;

- Testimony that the Court has excluded or told you to disregard; and

- Anything you saw or heard about this case outside of the courtroom

By the same token, any comment or ruling the Court made or any question the Court asked during the course of this trial does not mean that the Court has a view as to what your verdict should be. It is up to you, and you alone, to decide what weight and value to give to the evidence and to render a verdict in accordance with that evidence.

*Authority:*

*Clark v. Coleman, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION: Redundant of Plaintiff's Proposed Instruction at page 6. Plaintiff's Proposed Instruction is more straightforward, easier to understand. Does not reference stipulated facts as evidence.**

INSTRUCTION NO. <u>D-4</u>

**STRICKEN/REJECTED EVIDENCE**

You must not consider any matter that was rejected or stricken by the court. It is not evidence and should be disregarded.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.)*

**OBJECTION: Cumulative/repetitive of the above proposed instruction and Plaintiff's Proposed Instruction at page 6.**

INSTRUCTION NO. <u>D-5</u>

**DIRECT EVIDENCE; CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other is circumstantial evidence. Circumstantial evidence is indirect evidence—it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

*Authority:*

*<u>Clark v. Coleman</u>, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

*<u>Withers v. Green</u>, No. 6:20cv65, ECF No. 48 (W.D. Va. Apr. 12, 2022) (Ballou, J.) (modified)*

**OBJECTION: Redundant of Plaintiff's Proposed Instruction at Page 5, which is more straightforward and easier to understand. Defendant's proposed instruction lacks the sentence "Any fact that may be provide by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence."**

## CREDIBILITY OF WITNESSES

As you have heard, much of the evidence in this case has consisted of the testimony from witnesses. You are the sole judges of the credibility of the witnesses and the weight of the evidence. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

You may find that the testimony of a single witness as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. The case ought not be decided based on which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being the most credible.

*Authority:*

*<u>Clark v. Coleman</u>, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

*<u>Charles v. Front Royal Vol. Fire Dept.</u>, 5:13cv120 (W.D. Va. Oct. 10, 2014) (Urbanski, J.) (modified)*

**OBJECTION:  Redundant of Plaintiff's Proposed Instruction at page 7. Plaintiff's Proposed instruction contains more information/detail on this crucial issue.**

INSTRUCTION NO. <u>D-7</u>

**IMPEACHMENT OF WITNESSES**

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves. You should keep in mind that a simple mistake by a witness in testifying does not necessarily mean that the witness was not telling the truth as he remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. In short, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

If the earlier statements were made somewhere other than in court during trial, they are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements. It is your job to decide whether to believe the testimony of a witness who has made prior inconsistent or contradictory statements.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION:  Redundant of Plaintiff's Proposed Instruction at page 7. Plaintiff's Proposed instruction is more straightforward/streamlined.**

INSTRUCTION NO. <u>D-8</u>

**ADVERSE INFERENCE: FALSE TESTIMONY UNDER OATH**

This court previously found that the plaintiff, Ms. Flores, made "material misrepresentations about her educational background in connection with her employment application and, later, at her deposition" in this case. Ms. Flores subsequently admitted that her deposition testimony was false.

You may consider this fact in your assessment of the credibility of the plaintiff.

*Authority:*

<u>*Flores v. Va. Dep't of Corrections*</u>, 5:20cv87, ECF No. 95, *2, *4 (W.D. Va. Aug. 26, 2021)

<u>*AKH Co. v. Universal Underwriters Ins. Co.*</u>, No. 2:13cv2003, 2019 U.S. Dist. LEXIS 44642, *21–30 (D. Kan. Mar. 19, 2019)

<u>*Experience Hendrix, LLC v. Chalpin*</u>, 461 F. Supp. 2d 165, 171–72 (S.D.N.Y. 2006)

*Ninth Circuit Model Civil Jury Instructions, § 2.9 (2007 ed., updated June 2017) (modified)*

**OBJECTION: The Court's previous finding should not go to the jury as it is unduly prejudicial and not evidence presented at trial. To the extent we are instructing the jury on the Court's pre-trial findings we should instruct the jury that the Court found Plaintiff's allegations stated a claim for sex discrimination on two separate occasions and that Defendant was withholding evidence of the "can't tell the difference between contraband and tampon" statements and context during discovery. The Court's previous finding was not a "judicial credibility determination" and is extrinsic evidence that should not be introduced pursuant to FRE 608(b). Judge Cullen made no specific credibility determination regarding Plaintiff and instead was simply reciting the facts that would support the amendment requested, while going on to note that "Flores makes a strong argument that the after-acquired evidence defense may be unsuccessful on the merits – as her prior education and credentials were more than sufficient to qualify her for a dental hygienist position at VDOC." *See* [Doc. 95] at 3. The cases cited by Defendant on "judicial credibility determinations" are from outside this Circuit and present situations in which the trial judges had disbelieved the testimony of government agents at suppression hearings before the Court. *See U.S. v. Dawson*, 434 F.3d 956 (7th Cir. 2006), *U.S. v. Woodard*, 699 F.3d 1188 (10th Cir. 2012). The cases and the factors listed by the Second Circuit in *Cedeño* all serve to demonstrate that the facts and holdings therein are inapposite from this matter. *See U.S. v. Cedeño*, 644 F.3d 79 (2nd Cir. 2011).**

9

INSTRUCTION NO. <u>D-9</u>

**COMMON SENSE**

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.)*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions.**

INSTRUCTION NO. <u>D-10</u>

**EVIDENCE; SPECIFIC, LIMITED PURPOSE**

You will recall that during the course of this trial the Court instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. You may consider such evidence only for the specific limited purpose for which it was admitted.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.)*

**OBJECTION: To the extent no such limited purpose testimony or evidence is introduce the instruction is unnecessary.**

**PRIOR INCONSISTENT STATEMENT**

The testimony of a witness may be discredited by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.

You have heard evidence that at some earlier time the witness has said or done something that one of the attorneys argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION:  Redundant of Plaintiff's Proposed Instruction at page 9. Plaintiff's proposed instruction is more straightforward and easier to understand.**

**ADVERSE WITNESS**

Ms. Flores called employees of the VDOC as adverse witnesses. Ms. Flores is bound by as much of those witnesses' testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

Ms. Flores is not bound by any witness's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBEJCTION:  None.**

INSTRUCTION NO. <u>D-13</u>

**REASONABLE INFERENCES**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions.**

INSTRUCTION NO. <u>D-14</u>

**NEED NOT CALL ALL WITNESSES**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

*Authority:*

<u>*Canady v. Bostic*</u>*, NO. 7:17cv464 (W.D. Va. Feb. 23, 2022) (Cullen, J.)*

**OBJECTION: None.**

**DUTY OF ATTORNEY TO OBJECT**

It is the duty of the attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his clients because the attorney has made objections.

*Authority:*

<u>*Canady v. Bostic*</u>*, No. 7:17cv464 (W.D. Va. Feb. 23, 2022) (Cullen, J.)*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions.**

INSTRUCTION NO. <u>D-16</u>

**EMPLOYMENT AT WILL**

Under Virginia law, an employment relationship is presumed to be at-will, which means that either the employee or the employer can terminate the employment for any cause or for no cause. In the absence of discriminatory intent under Title VII, an employer may generally terminate an employee without liability.

*Authority:*

<u>Cave Hill Corp. v. Hiers</u>, 264 Va. 640, 645, 570 S.E.2d 790, 793 (2002)
<u>Williams v. Dominion Tech. Partners, L.L.C.</u>, 265 Va. 280, 288, 576 S.E.2d 752, 757 (2003)

**OBJECTION: "Employment at will" is not at issue in this case and not relevant to any claim or defense, will lead to jury confusion/bias, does not take into account "joint employment" doctrine and facts of the case.**

**STANDARD OF PROOF: PREPONDERANCE OF THE EVIDENCE**

As I told you at the beginning of the trial, the plaintiff has the burden of proving the case by a preponderance of the evidence. A preponderance of the evidence means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scales, the plaintiff's evidence would have to make the scales tip somewhat on her side. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider all of the evidence, direct and circumstantial, including the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

*Authority:*

<u>*Clark v. Coleman*</u>*, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION: Redundant of Plaintiff's proposed instruction at page 4. Plaintiff's proposed instruction is more straightforward and easier to understand. Preponderance instruction should come earlier in the set of instructions as fundamental to everything that follows.**

## INSTRUCTION NO. <u>D-18</u>

## EXPERT WITNESS

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.

You may also consider the apparent ability of the expert witness, the weight and process of the reasoning by which he supports his opinions, his possible bias in favor of the side for which he testifies, his relative opportunities for study or observation of the matters about which he testifies, and any other matters that serve to illuminate his testimony.

*Authority*

*VMJI No. 2.040;*

<u>*Musick v. Dorel Juvenile Group, Inc.,*</u> *No. 1:11cv5 (W.D. Va. Nov. 14, 2011) (Jones, J.)*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions. If offered, should include reference to both male and female experts.**

## AMOUNT SUED FOR IS NOT EVIDENCE

Any amount of damages requested is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

*Authority:*

*VMJI No. 2.180;*

<u>*Bilenky v. Ryobi Techs., Inc.*</u>*, No. 2:13cv345, 2015 WL 403979, 2015 U.S. Dist. LEXIS 10455, at *6 (E.D. Va. Jan. 28, 2015).*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions. Strike second half of sentence as unnecessary, repetitive and as leading to jury confusion.**

INSTRUCTION NO. <u>D-20</u>

**VERDICT NOT TO BE BASED ON SYMPATHY, BIAS, GUESSWORK, OR**

**SPECULATION**

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

*Authority:*

*<u>Clark v. Coleman</u>, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.)*

**OBJECTION: The proposed instruction is unnecessary and redundant of previous standard instructions.**

**TITLE VII DISPARATE TREATMENT CLAIM**

Title VII of the Civil Rights Act makes it illegal for an employer to discriminate against an employee on the basis of sex. Ms. Flores claims VDOC discriminated against her by ending her assignment because of her sex. VDOC denies it discriminated against Ms. Flores and contends that it ended the Ms. Flores' assignment for legitimate, nondiscriminatory reasons.

In order for Ms. Flores to establish her discrimination claim against VDOC, she has the burden of proving by a preponderance of the evidence that VDOC's decision to terminate her assignment was because of her sex.

If Ms. Flores proves by a preponderance of the evidence, that VDOC terminated her assignment because of her sex, then Ms. Flores is entitled to your verdict.

Ms. Flores does not have to prove that unlawful discrimination was the only reason defendant ended her assignment. But Ms. Flores must prove that VDOC's decision to end her assignment would not have occurred in the absence of such discrimination.

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the ending of Ms. Flores' assignment would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

Although Ms. Flores must prove that defendant acted with the intent to discriminate, Ms. Flores is not required to prove that VDOC acted with the particular intent to violate Ms. Flores'

federal civil rights. Moreover, Ms. Flores is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

In the context of this claim, VDOC cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as Ms. Flores' sex was one but-for cause of that decision, that is enough to trigger the law.

VDOC claims that it did not end Ms. Flores' assignment because of her sex and that it ended the assignment for another reason. An employer may not discriminate against an employee because of the employee's sex, but the employer may discharge an employee for any other reason, good or bad, fair or unfair. If you believe VDOC's reason for the decision to end Ms. Flores' assignment, and you find that VDCO's decision was not because of Ms. Flores' sex, you must not second guess VDOC's decision, and you must not substitute your own judgment for VDOC's judgment—even if you disagree with it.

*Authority:*

*3d Circuit Model Civil Jury Instructions, Instruction No. 5.1.2*
*https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf (August 2020) (modified)*

*5th Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 11.1*
*https://www.lb5.uscourts.gov/juryinstructions/Fifth/2020civil.pdf (June 2020) (modified)*

*9th Circuit Manual of Model Civil Jury Instructions, Instruction No. 10.1*
*https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2022_6_Full_Manual_FINAL_0.pdf (March 2022) (modified)*

*9th Circuit Manual of Model Civil Jury Instructions, Instruction No. 10.3*
*https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2022_6_Full_Manual_FINAL_0.pdf (March 2022) (modified)*

*Brown v. Mountainview Cutters, LLC*, No. 7:15cv204, ECF No. 91 (W.D. Va. Sept. 9, 2016) (Conrad, J.) (modified)

**OBJECTION:   Redundant of Plaintiff's Proposed Instruction at page 13. Defendant's proposed instruction is overly complex and long, leading to jury confusion. The instruction is not tailored to the facts of the case and fails to refer to menstruation and use of tampon, the key issues in the case. The Court has already found menstruation and use of a tampon are conditions inextricable from sex and therefore adverse actions based on same can amount to actionable sex discrimination. *See Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 15], 2021 U.S. LEXIS 31857 (W.D. Va. Feb 22, 2021); *Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 94], 2021 U.S. Dist. LEXIS 254631 (W.D. Va. Aug. 26, 2021).**

## DAMAGES: TITLE VII

I am now going to instruct you on damages. You should not infer anything from the fact that I am instructing you on damages. I am required to instruct you on every legal requirement. In other words, you should not presume that Ms. Flores has been damaged simply because I have given you this instruction. Whether Ms. Flores has proven that she has been damaged, and the extent of her damages, if any, are entirely for you to decide.

If you find in favor of Ms. Flores, then you must consider the issue of compensatory damages. You may award damages only for injuries that Ms. Flores proves were caused by the VDOC's termination of her assignment. The damages that you award must be fair compensation—no more and no less.

The award of compensatory damages is meant to put Ms. Flores in the position she would have occupied if the discrimination had not occurred. Ms. Flores has the burden of proving damages by a preponderance of the evidence and must show that the injury would not have occurred without VDOC's discrimination. In other words, Ms. Flores must show that VDOC's discrimination played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of VDOC's intentional discrimination.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that you find by the preponderance of the evidence to have been suffered by Ms. Flores as a consequence of VDOC's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In considering whether to award damages for mental anguish, you may consider the plaintiff's testimony and the evidence tending to corroborate Ms. Flore's testimony. You may also consider the extent or duration of any mental anguish, as any award you make must cover the damages endured by MS. Flores since the discrimination.

*Authority:*

<u>*Brown v. Mountainview Cutters, LLC*</u>*, No. 7:15cv204 (W.D. Va. Sept. 9, 2016) (Conrad, J.) (modified)*

*3d Circuit Model Civil Jury Instructions, Instruction No. 5.4.1*
<u>*https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf*</u>     *(August     2020) (modified)*

**OBJECTION:   Redundant of Plaintiff's Proposed Instruction at page 16. Defendant's proposed instruction is overly complex and long, leading to jury confusion. The instruction is not tailored to the facts of the case and damage evidence presented.**

## DAMAGES: NOMINAL DAMAGES

A person whose federal rights were violated is entitled to recognition of that violation, even if she suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

If you find that Ms. Flores has not sustained any actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

*Authority:*

*Brown v. Mountainview Cutters, LLC, No. 7:15cv204 (W.D. Va. Sept. 9, 2016) (Conrad, J.) (modified)*

*3d Circuit Model Civil Jury Instructions, Instruction No. 5.4.1*
*https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf (August 2020) (modified)*

*Charles v. Front Royal Vol. Fire & Rescue Dep't, No. 5:13cv120, ECF No. 82, at \*19 (W.D. Va.)*

**OBJECTION:  Unnecessary, not tailored to the facts of the case, and likely to lead to jury confusion, no nominal damages are sought by Plaintiff in this case.**

INSTRUCTION NO. <u>D-24</u>

**DAMAGES: ITEMS NOT TO BE CONSIDERED**

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Flores would have earned, either in the past or in the future, if she continued to work for the defendant.

You also must not consider attorney fees or the costs incurred by Ms. Flores in litigating this case.

*Authority:*

*<u>Brown v. Mountainview Cutters, LLC</u>, No. 7:15cv204 (W.D. Va. Sept. 9, 2016) (Conrad, J.) (modified)*

*3d Circuit Model Civil Jury Instructions, Instruction No. 5.4.1*
*<u>https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2020_August.pdf</u> (August 2020) (modified)*

**OBJECTION: Unnecessary, not tailored to the facts of the case, and likely to lead to jury confusion, Plaintiff agrees not to seek back-pay damages or attorneys' fees/costs from the jury. To the extent this instruction is offered, should make clear that the Court will award wage damages and attorneys' fees and costs if the jury finds for Ms. Flores.**

INSTRUCTION NO. <u>D-25</u>

## DAMAGES: REASONABLE PROOF

The burden is on Ms. Flores to prove, by the greater weight of the evidence, each item of damage she claims and to prove that each item was caused by VDOC's improper conduct. She is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of her damages. If Ms. Flores fails to do so, then she cannot recover.

*Authority:*

*VMJI No. 9.010 (modified)*

*<u>Musick v. Dorel Juvenile Group, Inc.</u>, No. 1:11cv5 (W.D. Va. Nov. 14, 2011) (Jones, J.) (modified)*

*<u>Lusk v. Va. Panel Corp.</u>, No. 5:13cv79, (W.D. Va. Apr. 9, 2014) (Urbanski, J.) (modified)*

*<u>Clark v. Coleman</u>, No. 4:17cv45 (W.D. Va. July 16, 2019) (Urbanski, J.) (modified)*

**OBJECTION:  Redundant of Plaintiff's proposed instruction on page 16 and Defendant's proposed instruction on page 25, likely to lead to jury confusion. Reference to "each item" of damage is vague and confusing when only compensatory damages are before the jury. Inconsistent with Defendant's proposed instruction at page 27.**

## SPECIAL INTERROGATORIES

**The issues in this case will be submitted to you in the form of questions, called Special Interrogatories. The questions in this case are as follows:**

1. Do you find by a preponderance of the evidence that VDOC terminated Joyce Flores's assignment because of her sex?

_____ YES        _____ NO

*If you answered "yes" to question 1 above, please proceed to question 2. If you answered "no" to question 1 above, your deliberations are concluded, and the foreperson must sign the last page of these Special Interrogatories and initial each preceding page.*

2. Do you find by a preponderance of the evidence that Joyce Flores suffered damages as a result of the termination of her assignment?

_____ YES        _____ NO

*If you answered "yes" to question 2 above, please proceed to the next section of these Special Interrogatories. If you answered "no" to question 2 above, your deliberations are concluded, and the foreperson must sign the last page of these Special Interrogatories and initial each preceding page.*

## DAMAGES

*If you answered "no" to questions 1 or 2 above, you may NOT award the plaintiff any compensation. Do not answer question 3 or 4 below. Your deliberations are concluded, and the foreperson must sign the last page of these Special Interrogatories and initial each preceding page.*

*If you answered "yes" to questions 1 and 2 above, it is time for you to consider how much compensation, if any, to which the plaintiff is entitled. Please answer question 3.*

3. What damages, if any, do you award to the plaintiff for pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, or other non-pecuniary losses?

$ _____ .

*Your deliberations are concluded. The foreperson must sign and date below and initial each of the preceding pages of these Special Interrogatories.*

_____          _____
       DATE                              FOREPERSON'S SIGNATURE

                                   _____
                                        FOREPERSON'S PRINTED NAME

**OBJECTION: Redundant of Plaintiff's Proposed Special Interrogatory at page 19. Defendant's proposal is overly complex and likely to lead to jury confusion. Not tailored to the facts of the case, fails to make reference to menstruation and use of a tampon that are conditions inextricable from sex and therefore form basis of sex discrimination claim here. *See Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 15], 2021 U.S. LEXIS 31857 (W.D. Va. Feb 22, 2021); *Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 94], 2021 U.S. Dist. LEXIS 254631 (W.D. Va. Aug. 26, 2021). Question 2 is redundant and unnecessary and should be stricken.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to counsel of record.

 _/s/ Paul M. Falabella_
Paul M. Falabella (VSB No. 81199)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com