**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | | |
|---|---|---|
| **JOYCE FLORES,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 5:20cv87** |
| | **)** | |
| **VIRGINIA DEPARTMENT OF** | **)** | |
| **CORRECTIONS,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

<u>**DEFENDANT'S *OBJECTIONS* TO PLAINTIFF'S SECOND AMENDED PROPOSED JURY**
**INSTRUCTIONS AND SPECIAL-VERDICT INTERROGATORIES**</u>

Defendant, Virginia Department of Corrections, by counsel, pursuant to Rule 51 of the

Federal Rules of Civil Procedure and the Court's Trial Order, ECF No. 59, submits these

***OBJECTIONS*** to plaintiff's Second Amended Proposed Jury Instructions and Special-Verdict

Interrogatories. Defendant reserves the right to raise additional objections to any proposed

instructions pursuant to Rule 51(b)(2) of the Federal Rules of Civil Procedure.


**[ REMAINDER OF PAGE INTENTIONALLY LEFT BLANK ]**

**PLAINTIFF'S SECOND AMENDED PROPOSED JURY
INSTRUCTIONS AND SPECIAL-VERDICT INTERROGATORIES**

COMES NOW Plaintiff Joyce Flores, by counsel, and pursuant to the Trial Order [Doc. 59] serves the foregoing second amended proposed jury instructions and special verdict interrogatories:

Plaintiff reserves the right to supplement and amend the foregoing proposed jury instructions based on guidance from the Court at the final pretrial conference or at trial, based on the evidence presented at trial, and/or based on any meet and confer between the parties following the exchange of proposed instructions.

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. _____

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case and the defenses to those claims. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. Let me begin with some general principles.

<u>Authority</u>

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: None**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. _____

The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are. You will then apply the law, as I explain it to you, to those facts. You must follow my instructions on the law even if you believe the law is different or should be different. Do not allow sympathy, bias, or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I explain it. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. Likewise, the actions which I have taken during the trial in ruling on motions or objections, in comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts. Even if you think I have an opinion as to the facts, you should entirely disregard it. It is not my function to determine the facts. Instead, you are the sole judges of fact in the case.

<u>Authority</u>

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: None**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Preponderance of Evidence

Because this is a civil case and Ms. Flores is the party that brought the lawsuit, she has the burden of proving her claims by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The weight does not necessarily depend upon the number of witnesses who testify. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, the stipulated facts read to you by the Court, and all exhibits received into evidence, regardless of who may have produced them.

Authority

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen) (modified)

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ____

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

<u>Authority</u>

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

***OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.***

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. The following statements and utterances made during this trial are not evidence and should not be considered by you:

1.      Statements, arguments, and questions by lawyers. These are not evidence.

2.      Objections to questions are not evidence.

3.      Testimony and exhibits that the court has excluded or told you to disregard are not evidence.

The things I have just listed are not evidence. The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence, and all facts which have been either admitted or stipulated.

Also, some testimony and exhibits have been received only for a limited purpose. Where I have told you that you can consider a piece of evidence for a limited purpose only, and not for any other purpose, you should consider that evidence only for the limited purpose.

Authority

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Witness Credibility

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to

629.0438\NHS
4873-6912-3889 .v2

which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

Authority

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Inconsistent Statement

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

Authority

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Deposition Testimony

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

You have heard the deposition of _____ taken on _____. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority

*Flanagan v. Scearce*, Case No. 7:19cv413 [Doc. 148] (W.D. Va. Sept. 31, 2021) (Cullen)

**OBJECTION: None**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Stipulated Facts

The parties have agreed to certain facts that have been read to you and will be placed in

evidence as Exhibit __.  You must therefore treat these stipulated facts as having been proved.


Authority

U.S. Court of Appeals for the Third Circuit, Model Civil Jury Instructions at 2.4; Manual of Model
Jury Instructions for the District Courts of the Ninth Circuit (2017) (updated 03/2022) at 2.2
(modified).

**OBJECTION: None**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Joint Employer

Multiple entities may simultaneously be considered employers for the purpose of Title VII, they are known as "joint employers." The joint employment doctrine recognizes the reality of changes in modern employment, in which increasing numbers of workers are employed by staffing companies that exercise little control over their day-to-day activities. To be a "joint employer" the entity must exercise control over the employee.

The set of control factors to use in assessing whether an individual is jointly employed by two or more entities includes:

(1) Authority to hire and fire the individual;

(2) Day-to-day supervision of the individual, including employee discipline;

(3) Whether the putative employer furnishes the equipment used and place of work;

(4) Possession and responsibility over the individual's employment records, including payroll, insurance, and taxes;

(5) The length of time during which the individual has worked for the putative employer;

(6) Whether the putative employer provides the individual with formal or informal training;

(7) Whether the individual's duties are akin to a regular employees' s duties;

(8) Whether the individual is assigned solely to the putative employer; and

(9) Whether the individual and putative employer intended to enter into an employment relationship.

None of the factors are dispositive; however, the first three factors are the most important

629.0438\NHS
4873-6912-3889 .v2

to consider and the ninth factor is of minimal consequence.

Authority

*Butler v. Drive Auto. Indus. of Am.*, 739 F.3d 404 (4th Cir. 2015)

**OBJECTION: Defendant objects on the grounds that the issue of joint employment is not a matter for determination by the jury but rather a determination for the Court to make.**

14

JURY INSTRUCTION NO. ___

Sex Discrimination

Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against an individual with respect to her terms, conditions, or privileges of employment because of such individual's sex.

Menstruation and use of a tampon are conditions inextricable from sex and childbearing capacity.

Discharge from employment or discrimination because of menstruation, use of a tampon, or childbearing capacity is sex discrimination in violation of Title VII

"Because of sex" is the equivalent of "but for causation." When it comes to Title VII, a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as the plaintiff's menstruation, use of a tampon, childbearing capacity, or sex was one but-for cause of that decision, that is enough to trigger the law.

Authority

*Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 15], 2021 U.S. LEXIS 31857 (W.D. Va. Feb 22, 2021); *Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 94], 2021 U.S. Dist. LEXIS 254631 (W.D. Va. Aug. 26, 2021); 42 U.S.C. § 2000e-2(a)(1); *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020).

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

15

JURY INSTRUCTION NO. ___

Sex Discrimination Inapplicable Defenses

It is not a defense to a Title VII claim that females participated in the alleged discrimination. It is also not a defense to a Title VII claim that the employer did not discriminate against females as a group.

<u>Authority</u>

*Bostock v. Clayton County*, 140 S. Ct. 1731, 17343-1744 (2020) (citing *Oncale v. Sundowner Offshare Services, Inc.*, 523 U.S. 75 (1998)).

***OBJECTION: Defendant objects on the grounds that the proposed instruction is prejudicial and will lead to juror confusion by leading them to place less weight on the testimony of female witnesses affiliated with the defendant. Defendant further objects to the extent that the instruction is not warranted based on the evidence to be produced at trial.***

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Finding Instruction

You must find your verdict for Ms. Flores in her Title VII claim against Virginia Department of Corrections if Ms. Flores proved by the greater weight of the evidence that:

Virginia Department of Corrections discharged or discriminated against because of her sex, menstruation, use of a tampon, or childbearing capacity.

You must find your verdict for the Virginia Department of Corrections if Ms. Flores failed to prove the above.

Authority

*Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 15], 2021 U.S. LEXIS 31857 (W.D. Va. Feb 22, 2021); *Flores v. Va. Dep't of Corr.*, 5:20cv87 [Doc. 94], 2021 U.S. Dist. LEXIS 254631 (W.D. Va. Aug. 26, 2021); 42 U.S.C. § 2000e-2(a)(1); *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020).

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

JURY INSTRUCTION NO. ___

Compensatory Damages

If you find that Defendant Virginia Department of Corrections is liable to Plaintiff Flores, then you must determine an amount that is fair compensation for Ms. Flores' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Ms. Flores whole – that is, to compensate her for the damage she has suffered.

You should consider the following elements of damage, to the extent you find them proved by the preponderance of the evidence:

(1) Emotional pain, suffering, inconvenience, mental anguish;

(2) Embarrassment and humiliation; and

(3) Loss of enjoyment of life.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

Authority

42 U.S.C. § 1981a; Model Employment Law Jury Instructions, Faculty of Federal Advocates (Sept. 2013)

**OBJECTION: Defendant objects on the grounds that defendant's proposed instruction on the same issue is a clearer and more accurate statement of the appliable law.**

629.0438\NHS
4873-6912-3889 .v2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | | |
|---|---|---|
| **JOYCE FLORES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:20-cv-00087** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SPECICAL VERDICT INTERROGATORY

We, the jury, find as follows:

Plaintiff Joyce Flores has established by the preponderance of the evidence that the

Virginia Department of Corrections:

1. Had the authority to hire and fire Ms. Flores from Augusta Correctional Center:

   Answer "yes" or "no" _____

2. Provided the day-to-day supervision of Ms. Flores:

   Answer "yes" or "no" _____

3. Furnished the equipment and place of work for Ms. Flores:

   Answer "yes" or "no" _____

4. Possessed and was responsible for Ms. Flores' employment records:

   Answer "yes" or "no" _____

5. Employed or intended to employ Ms. Flores for a sufficient length of time:

   Answer "yes" or "no" _____

6. Provided Ms. Flores with formal or informal training:

629.0438\NHS
4873-6912-3889 .v2

Answer "yes" or "no" _____

7. Assigned Ms. Flores duties akin to a regular employee's duties:

    Answer "yes" or "no" _____

8. Was Ms. Flores' sole work assignment during the applicable time period:

    Answer "yes" or "no" _____

9. Intended to enter into an employment relationship with Ms. Flores:

    Answer "yes" or "no" _____

*OBJECTION: Defendant objects on the grounds that the issue of joint employment is not a matter for determination by the jury but rather a determination for the Court to make.*

629.0438\NHS
4873-6912-3889 .v2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | | |
|---|---|---|
| **JOYCE FLORES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:20-cv-00087** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**VERDICT FORM**</u>

We, the jury, find as follows

      Question 1: Do you find that Plaintiff Joyce Flores has established by the preponderance of the evidence that Virginia Department of Corrections discharged or discriminated against her because of her sex, menstruation, use of a tampon, or childbearing capacity?

      Answer "yes" or "no" _____

If, and only if, you answered "yes" to Question 1, then continue to Question 2.

      Question 2: We find that Plaintiff Joyce Flores has established by the preponderance of the evidence that she is entitled to the following compensatory damages:

      $ _____

***OBJECTION: Defendant objects on the grounds that defendant's proposed verdict form is clearer and less likely to confuse.***

629.0438\NHS
4873-6912-3889 .v2

Respectfully submitted,

VIRGINIA DEPARTMENT OF CORRECTIONS


/s/ _____

Nathan H. Schnetzler (VSB No. 86437)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone:        (540) 772-4600
Fax:          (540) 772-9167
Email:        nschnetzler@faplawfirm.com
*Counsel for Virginia Department of Corrections*

629.0438\NHS
4873-6912-3889 .v2

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will automatically send notification of such

filing to counsel of record

/s/_____
Nathan H. Schnetzler

629.0438\NHS
4873-6912-3889 .v2