IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOYCE FLORES | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-00087 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| VIRGINIA DEPARTMENT OF | ) | United States District Judge |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

**Instruction No. 1**

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. Following these instructions, you will begin your discussions, sometimes called deliberations, and continue until you reach a verdict, which must be a unanimous verdict. Let me begin with some general principles.

## Instruction No. 2

The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but you must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are. You will then apply the law as I explain it to you to those facts. You must follow my instructions on the law even if you believe the law is different or should be different. Do not allow sympathy, bias, or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

The parties—whether an individual or a government entity—stand equal before the law and must be dealt with as equals in a court of justice.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. Likewise, the actions which I have taken during the trial in ruling on motions or objections, in comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts. Testimony and exhibits may be admitted into evidence only if they meet certain criteria or standards. It is the lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of

evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.  Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

Even if you think I have an opinion as to the facts, you should entirely disregard it.  It is not my function to determine the facts.  Instead, you are the sole judges of the facts in the case.

**Instruction No. 3**

Because this is a civil case and Ms. Flores is the party that brought the lawsuit, she has the burden of proving her claims by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. That means Ms. Flores must produce evidence which, considered in the light of all the facts, leads you to believe that what she claims is more likely true than not. To put it differently, if you were to put Ms. Flores' and Virginia Department of Corrections' (hereinafter referred to as VDOC) evidence on opposite sides of the scales, Ms. Flores' evidence would have to make the scales tip somewhat on her side. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The weight does not necessarily depend upon the number of witnesses who testify. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

**Instruction No. 4**

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. The following statements and utterances made during this trial are not evidence and should not be considered by you:

1. Statements, arguments, and questions by lawyers. These are not evidence.

2. Objections to questions are not evidence.

3. Testimony and exhibits that the court has excluded, stricken, or told you to disregard are not evidence.

The things I have just listed are not evidence. The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence.

**Instruction No. 5**

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence. That is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

**Instruction No. 6**

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds a belief in the likelihood of truth. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence

in the case. In evaluating credibility, you may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

**Instruction No. 7**

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court.

If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court, and you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

**Instruction No. 8**

The parties have agreed, or stipulated, to certain facts. This means simply that they both accept these facts. There is no disagreement over these facts, so there was no need for further evidence by either side on those points.

These stipulations have been read to you and the relevant stipulations have been placed in evidence as Exhibit A. You must therefore treat these stipulated facts as having been proven. This means you must accept these as fact, even though nothing more was said about them one way or the other during the presentation of the evidence.

**Instruction No. 9**

You have heard from persons described as expert witnesses. Under the law, a person who, by knowledge, skill, training, education, or experience, has become expert in some field may state his or her opinions on matters in that field and may also state the reasons for these opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it. You may give it as much or as little weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all other evidence in the case.

You are not required to accept an opinion merely because it was expressed by an expert witness. As with any other witness, it is up to you to decide whether to rely upon it.

**Instruction No. 10**

Title VII of the Civil Rights Act makes it unlawful for an employer to terminate an individual's employment because of that individual's sex.

For Ms. Flores to establish her sex discrimination claim against VDOC, she must prove by a preponderance of the evidence that VDOC's decision to terminate her was discriminatory. Because menstruation and use of a tampon are conditions that, under the law, are inseparable from sex, termination from employment because of menstruation or use of a tampon is considered sex discrimination in violation of Title VII.

Ms. Flores must prove that VDOC intentionally discriminated against her because of her sex. That is, Ms. Flores must show by a preponderance of the evidence that her sex was a motivating factor in VDOC's decision to terminate her. In doing so, Ms. Flores is not required to produce direct evidence of VDOC's intent, such as statements admitting sex discrimination. Intentional discrimination may be inferred from the existence of other facts. However, those other facts must still produce in your mind a belief by the greater weight of the evidence that VDOC discriminated against Ms. Flores because of her sex. VDOC cannot avoid liability just by citing some other factor that contributed to her termination. So long as Ms. Flores' sex was one motivating factor for that decision, that is enough to constitute sex discrimination.

The term "motivating factor" means the evidence must show that, but for Ms. Flores' sex, she would not have been terminated. It does not mean that Ms. Flores' sex must have been the only motivation for VDOC's decision to terminate her. However, Ms. Flores' sex must have been a factor that actually influenced VDOC's decision, such that without that reason, Ms. Flores would not have been terminated. In making this assessment, you may consider the

circumstances surrounding VDOC's decision to terminate Ms. Flores and the information that was available to VDOC at the time of her termination.

**Instruction No. 11**

In this case, you heard extensive testimony about whether or not Ms. Flores was menstruating on July 17, 2019, and whether or not she was using a tampon when she first passed through the body scanner at Augusta Correctional Center on that day. While the answer to these questions may inform your decision in this case, the ultimate question is whether or not Ms. Flores has proven by a preponderance of the evidence that VDOC intentionally discriminated against Ms. Flores because of her sex when it terminated her employment. Ms. Flores claims that VDOC did so. VDOC claims that it did not do so and that it terminated her for another reason.

Although an employer may not terminate an employee for a discriminatory reason, an employer may terminate an employee for any nondiscriminatory reason— good or bad, fair or unfair. If you find that VDOC's decision was not discriminatory, you must not second guess its decision or substitute your own judgment for VDOC's judgment—even if you disagree with it.

**Instruction No. 12**

You must find your verdict for Ms. Flores in her Title VII sex discrimination claim against VDOC if Ms. Flores proved by the greater weight of the evidence that VDOC terminated Ms. Flores' employment because of her sex, menstruation, or use of a tampon.

You must find your verdict for VDOC if Ms. Flores failed to prove the above.

## Instruction No. 13

I am now going to instruct you on damages. You should not infer anything from the fact that I am instructing you on damages. I am required to instruct you on every legal requirement. In other words, you should not presume that Ms. Flores has been damaged simply because I have given you this instruction. Whether Ms. Flores has proven that she has been damaged, and the extent of her damages, if any, are entirely for you to decide.

If you find that VDOC is liable to Ms. Flores, then you must determine an amount that is fair compensation for Ms. Flores' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Ms. Flores whole—that is, to put Ms. Flores in the position she would have occupied if the discrimination had not occurred. You may award damages only for injuries that Ms. Flores proved were caused by VDOC's termination of her employment. Ms. Flores has the burden of proving damages by a preponderance of the evidence and must show that the injury would not have occurred without VDOC's discrimination. In other words, Ms. Flores must show that discrimination by VDOC played a substantial part in bringing about the injury, and that the injury was either a direct result, or a reasonably probable consequence of VDOC's intentional discrimination.

You should consider the following elements of damage, to the extent you find them proved by the preponderance of the evidence:

(1) Emotional pain, suffering, inconvenience, and mental anguish;

(2) Embarrassment and humiliation; and

(3) Loss of enjoyment of life.

The damages that you award must be fair compensation—no more and no less. No evidence of monetary value of such intangible things as pain and suffering has been, or need be,

introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair considering the evidence presented at trial.

In considering whether to award damages for emotional distress, you may consider Ms. Flores' testimony and the evidence tending to corroborate Ms. Flores' testimony. You may also consider the extent or duration of any emotional distress, as any award you make must cover the damages endured by Ms. Flores from the time of the wrongdoing to the present time.

In determining the amount of any damages that you award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Ms. Flores prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find that Ms. Flores has not sustained any actual damages relating to emotional distress, inconvenience, loss of enjoyment of life, or the like, then you may award her some nominal sum, such as one dollar.

**Instruction No. 14**

I instruct you that in awarding compensatory damages, you are not to award damages for any amount of wages that Ms. Flores would have earned, either in the past or in the future, if she continued to work for VDOC. You also must not consider attorney fees or the costs incurred by Ms. Flores in litigating this case.

If your verdict is for Ms. Flores, the court will consider whether to award lost wages and/or attorney fees and costs, and in what amount.

**Instruction No. 15**

In a few moments, I will finish these instructions and then the attorneys will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the attorneys as they give their closing arguments. After closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action, and the burden of proof is on Ms. Flores to prove her claim by a preponderance of the evidence.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence in the case, and they must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

**Instruction No. 16**

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room.

You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.

But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone—including me or the court security officer—how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, a blog, website, other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, you must all agree. You may not arrive at your award by averaging each of your individual opinions of value. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. I will provide a computer to you in the jury room with all of the exhibits and these instructions. I will also provide a list of exhibits.

Finally, a verdict form has been prepared for your response, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the questions on the verdict form, it is necessary that each of you agree as to the responses, as your decisions must be unanimous.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. Once you begin your deliberations, you should not have contact with any person other than the court security officer.

If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial. If one of you needs to step out of the jury room for any reason, the deliberations must cease. Deliberations must take place only while all jurors are present.

Do not reveal your verdict until such time as you are discharged, unless otherwise directed by me. After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.